# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **DARIN RUF,** | : | Case No. 1:25-cv-00424 |
| | : | |
| **Plaintiff,** | : | Judge Karen L. Litkovitz |
| | : | |
| vs. | : | |
| | : | |
| **THE CINCINNATI REDS, LLC** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## PLAINTIFF'S MOTION TO REMAND

Now come Plaintiff, by and through counsel, and respectfully move this Court to remand this matter back to the state court because removal of this action was improper. The basis for Plaintiff's Motion is further addressed in the Memorandum in Support that follows.

Respectfully submitted,

/s/ *Alexander K. Ernst*
Tad Thomas, Esq. (0104474)
Alexander K. Ernst (0098046)
Thomas Law Offices, PLLC
250 East Fifth Street, Suite 440
Cincinnati, Ohio 45202
Ph: (513) 836-8255
Fx: (513) 836-8256
tad@thomaslawoffices.com
alex.ernst@thomaslawoffices.com
*Attorneys for Plaintiff*

## MEMORANDUM IN SUPPORT

**I.     Background**

This case arises from injuries Plaintiff sustained during the June 2, 2023, Reds v. Brewers game at The Cincinnati Reds' baseball stadium, the Great American Ball Park. *See* Plaintiff's Complaint, RE 5, Page ID 30. At that time, Plaintiff was playing at first base on behalf of the Milwaukee Brewers. *Id.* During the bottom of the third inning, Plaintiff ran to catch a foul ball on the field. *Id.* On the edge of the field near Plaintiff, Defendant stored a tarp roller with a sharp metal end. *Id.* The tarp roller did not have a protective covering or cushioning on the end and was obscured by a Gorilla Glue advertisement cover. *Id.* When Plaintiff ran to catch the foul ball, his knee struck the sharp end of the tarp roller, causing severe and permanent injuries. *Id.*

On May 22, 2025, Plaintiff filed suit alleging that Defendant breached its duty to operate and maintain premises in a reasonably safe manner. *Id* at Page ID 1-3. As a direct and proximate result of Defendant's breach of said duty, Plaintiff suffered damages. *Id.*

Plaintiff is a citizen and resident of Nebraska and originally filed this action against Defendant in the Hamilton County Court of Common Pleas. *Id.* Defendant the Cincinnati Reds, LLC (herein "Cincinnati Reds") is an Ohio Limited Liability Corporation and removed this action under 28 U.S.C. § 1441, alleging as follows:

8. This Court has original federal-question jurisdiction under 28 U.S.C. § 1331 because the action "aris[es] under the Constitution, laws, or treaties of the United States."

9. Pursuant to 28 U.S.C. § 1441, a defendant may remove an action to federal court if the complaint presents a federal question, such as a federal claim. See Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 560 (1968).

10. Federal question jurisdiction exists in this case based on the complete preemption of Plaintiff's claims under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("Section 301").

11. Pursuant to Section 301, "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). The Supreme Court has ruled that "the pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." Powers v. Cottrell, Inc., 728 F.3d 509, 516 (6th Cir. 2013) (quoting Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 7 (2003)).

12. "The Supreme Court has also explained the necessarily broad reach of preemption in the labor law context," recognizing that "'[i]f the policies that animate § 301 are to be given their proper range," then "the pre-emptive effect of § 301 must extend beyond suits alleging contract violations.'" Adamo Demolition Co. v. Int'l Union of Operating Eng'rs Local 150, 3 F.4th 866, 872-73 (6th Cir. 2021) (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210 (1985)). In other words, "§ 301 reaches beyond the violation of contracts." Powers, 728 F.3d at 516.

13. "Since 1962, the Supreme Court has held that section 301 preempts state law rules that substantially implicate the meaning of collective bargaining agreement terms." DeCoe v. GMC, 32 F.3d 212, 216 (6th Cir. 1994) (citing Allis-Chalmers, 471 U.S. at 210). "Thus, state courts may evaluate state law claims 'involving labor-management relations only if such [claims] do not require construing collective-bargaining agreements." Id. (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 409-10 (1988)).

14. Even where claims are styled as state-law tort claims, if they are dependent on analysis of a collective bargaining agreement, such claims "must either be treated as . . . § 301 claim[s] . . . or dismissed as preempted by federal labor-contract law." Allis-Chalmers, 471 U.S. at 2202, 220 (holding state law claims to be completely preempted where they are "inextricably intertwined with consideration of the terms of the labor contract"). Put simply, a plaintiff cannot avoid preemption under Section 301 by artfully pleading his claims to avoid implicating the underlying collective bargaining framework. See id. at 211 (holding that courts will not "elevate form over substance and allow parties to evade the requirements of § 301").

15. Here, the Basic Agreement and UPC are collectively bargained agreements within the meaning of Section 301. Plaintiff's negligence claims are completely preempted—i.e., converted to federal claims—because they are "inextricably intertwined with consideration of the terms of," and are "substantially dependent" on an analysis of the relevant provisions within, the Basic Agreement and/or the UPC, as well as the incorporated rules and regulations governing the sport. Allis-Chalmers, 471 U.S. at 213, 220.

*See* Defendant's Notice of Removal, RE 1, Page ID 2-4. Notably, Defendant failed to attach a copy of the collective Basic Agreement or the Uniform Player Code to its Notice. *Id*, generally.

Despite the fact that that Plaintiff's state law negligence claim does not allege an express or implied breach of the Basic Agreement or the Uniform Player Code, collectively the collective bargaining agreements ("CBAs"), Defendant Cincinnati Reds removed this case to federal court, arguing that Plaintiff's claim requires interpretation of the CBAs and his claims are therefore preempted by Section 301 of the Labor Management Relations Act ("LMRA").

Plaintiff's claims arise under Ohio common law and would be subject to scrutiny under the principles of Ohio common law.

## II. Legal Analysis

### a. Removal Standard

Section 30l(a) of the LMRA, the statute that Defendant argues is the basis for federal question jurisdiction, "was fashioned by Congress to place sanctions behind agreements to arbitrate grievance disputes." *Avco Corporation v. Aero Lodge No. 735, international Association of Machinists and Aerospace Workers,* 390 U.S. 557, 559 (1968) The statute states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. 29 U.S.C. § 185(a).

LMRA converts state common law claims into federal law claims, giving federal courts subject matter jurisdiction over such types of claims.

A defendant seeking to remove has the burden of establishing that the prerequisites to

3

jurisdiction have been satisfied. *Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809,814 (8th Cir. 1969). "It is well settled that removal statutes are to be strictly construed against removal, with all doubts resolved in favor of remand, as removal jurisdiction undercuts federalism and abridges the deference courts generally give to a plaintiff's choice of forum." *Rutherford v. Merck & Co., inc.,* 428 F.Supp.2d 842 (S.D.Ill. 2006) *quoting Klein v. Vision Lab Telecomms., Inc.,* 399 F.Supp.2d 528,531 (S.D.N.Y. 2005). In determining whether removal is proper, courts must generally look to the plaintiff's pleadings at the time of removal. *Pullman Co. v. Jenkins,* 305 U.S. 534, 537-38 (1939). The basis of federal jurisdiction must be apparent from the face of the complaint. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).

Claims that fall within the breadth of LMRA are claims that are within the realm of contract law. The Supreme Court has held that removal under Section 30 I requires a showing that the state law claims are "founded directly on rights created by collective-bargaining agreement and also claims substantially dependent on analysis of a collective bargaining agreement." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 394 (1987). By its very terms, Section 301 of the LMRA confers federal subject matter jurisdiction only over suits for violation of contracts. *Textron Lycoming Reciprocating Engine Division, Avco Corp. v. United Automobile, Aerospace and Agricultural Implement Workers of America, supra,* 523 U.S. 653 (1998)

"The bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw,* 512 U.S. 107, 124 (1994). "A factual overlap between a state law claim and a claim one could assert under a CBA is not necessarily sufficient for preemption." *Boogard v. National Hockey League, et al,* 126 F.Supp.3d 1010, 1022 (N.D.Ill. 2015), *quoting Crosby v. Cooper B-Line, Inc.,* 725 F.3d 795, 800 (7th Cir. 2013).

4

The clash of state tort claims with CBAs is not new, and certainly not in major league sports. Federal courts have previously examined these same facts in multiple cases. In *Bush v. St. Louis Regional Convention,* the Court granted the plaintiff's motion to remand, stating "the Court agrees with Plaintiff that the duties at issue here arise out of the common law duty of care sports teams owe to their invitees, and not out of any terms in the CBA. A substantial dependence upon an analysis of the CBA thus cannot serve as a basis for removal…" *Bush v. St. Louis Reg'l Convention,* No. 4:16CV250 JCH, 2016 WL 3125869, at *5 (E.D. Mo. June 3, 2016). Similarly to the *Bush* Court, the Court in *Williamson v. China Basin Ballpark Co. LLC* determined that the various provisions and limitations of the CBAs cited by the defendant were insufficient to preempt the plaintiff's state common law premises liability claims. *Williamson v. China Basin Ballpark Co. LLC,* No. 20-CV-08056-SBA, 2021 WL 11669479, at *6–7 (N.D. Cal. July 28, 2021).

As stated above, Plaintiff's claims arise under Ohio common law negligence. Under Ohio common law negligence, a plaintiff must make a show of (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) breach of that duty, (3) a causal connection between the injury, and (4) damages." See *Comer v. Children's Hosp. Med. Ctr. Of Akron*, 2015-Ohio-229 at ¶ 23, citing *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St. 3d 75, 77 (1984) and *Loudin v. Radiology & Imaging Servs., Inc.,* 2011-Ohio-1817 at ¶13. These are the only elements that Plaintiff needs to prove to make a prima facie showing of his claims, and none of these elements are addressed by the CBAs because the CBAs do not contemplate nor were they made to contemplate common law state tort claims.

Here, Plaintiff's claims arose from Defendant's failure to maintain their property at the Great American Ball Park. There is no language in the CBAs that addresses any tort claims for injuries arising from Defendant's failure to maintain its property. The CBAs cited by Defendant

5

do not alter Plaintiff's claims from the common law negligence claims that they are, nor do the CBAs justify the removal of Plaintiff's claims to federal court. The requisite duty and breach of duty required to prove Plaintiff's claims are not established, governed, or even addressed by the plain language of the CBAs, because the requisite duty and breach of duty are set by Ohio's common law negligence standard for premises liability.

### b. Attorneys' Fees and Expenses

Pursuant to 28 U.S.C. § 1447 (c), the trial court may, in its order to remand, require the defendant to pay just costs and expenses, including the plaintiff's attorney's fees and actual expenses incurred because of the removal.

Because Defendant's removal of this case was improper, Plaintiff further requests that this Court grant him his attorney's fees and expenses for this case having been improvidently removed.

### III. Conclusion

Because Defendant's removal of this action to federal court was inappropriate, Plaintiff respectfully requests that this case be removed back to state court. Plaintiff further requests that this court order payment of his attorney's fees and expenses incurred because of Defendant's removal of this action.

        Respectfully submitted,

        /s/ *Alexander K. Ernst*
        Tad Thomas, Esq. (0104474)
        Alexander K. Ernst (0098046)
        Thomas Law Offices, PLLC
        250 East Fifth Street, Suite 440
        Cincinnati, Ohio 45202
        Ph: (513) 836-8255
        Fx: (513) 836-8256
        tad@thomaslawoffices.com
        alex.ernst@thomaslawoffices.com
        *Attorneys for Plaintiff*

        and

        /s/ *Christopher W. Goode*
        Christopher W. Goode, Esq. (0091481)
        Goode Law Office, PLLC
        389 Elaine Drive
        Lexington, KY 40504
        Ph: (839) 363-6688
        cgoode@goodelawyers.com
        *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served this 23rd day of July 2025 using the Court's CM/ECF system, which will send notice to all counsel of record.

        */s/ Alexander K. Ernst*
        Alexander K. Ernst (0098046)